**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

ANGELA GARDNER,

          PLAINTIFF,

v.                                     CIVIL ACTION NO.:

PENSACOLA BAY SUPPORT
SERVICES, LLC.,

          DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Angela Gardner, (hereinafter referred to as the "Plaintiff" or "Gardner"), by and through her undersigned attorney, sues the defendant, Pensacola Bay Support Services, LLC, (hereinafter referred to as the "Defendant" or "PBSS"), and alleges as follows:

### *INTRODUCTION*

1.    Plaintiff brings this action to remedy acts of discrimination and retaliation pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.; the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008; Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-

1

2654 and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

*JURISDICTION AND VENUE*

2.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

3.      Defendant is considered an employer within the terms and conditions of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Pensacola, Florida worksite.

4.      Plaintiff worked for Defendant from January 14, 2018, until March 26, 2021. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

5.      The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

6.      Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

7.      Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k)

and Fed. R. Civ. P. 54.

8.    This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

9.    All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100732) and Florida Commission on Human Relations ("FCHR" No.: 20230551) on July 30, 2021. On March 21, 2022, Plaintiff received her ninety (90) day Notice of Right to Sue letter from the EEOC.

## *PARTIES*

10.   Plaintiff is a Caucasian female and a citizen of the State of Florida, who resides in Pensacola, Florida.

11.   Defendant, Pensacola Bay Support Services, LLC, ("PBSS") is a subsidiary of IAP World Services, Inc., a Florida Corporation. IAP World Services, Inc., is a wholly owned subsidiary of IAP Worldwide Services, Inc.

("IAP") a Delaware Corporation. PBSS is a foreign corporation that does business in the State of Florida, Escambia County.

12.     Defendant employs more than 149 employees and is an employer within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as it employees in excess of fifteen (15) employees, and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, as it employees in excess of ten (10) employees.

## *GENERAL FACTS*

13.     Plaintiff was employed by Defendant from January 14, 2018, until March 26, 2021, as a Job Cost Estimator.

14.     On September 22, 2020, Plaintiff was physically assaulted at work by a male supervisor.

15.      Plaintiff reported the assault to the Naval Air Station Federal Police Department.

16.     The supervisor was arrested and charged with assault-simple battery.

17.     After the supervisor's arrest, he was allowed by the Project Manager, Mr. Mark Powell, to come back to work immediately after being released from police custody.

18.     No disciplinary action was taken against the supervisor for assaulting Plaintiff, his female co-worker.

19.    Plaintiff experienced an anxiety attack due to the physical attack on her person.

20.    Plaintiff was allowed to take PTO for the remainder of the day.

21.    Plaintiff went to sleep once she got home, had another anxiety attack that woke her up in a panic because she thought she had returned to work and the supervisor was assaulting her again.

22.    Plaintiff was transported to the hospital, seen by a doctor, and given a seven day work absence note by the Emergency Room doctor.

23.    Defendant knew that Plaintiff had been assaulted and was suffering from anxiety attacks, but at no time did Defendant discuss her FMLA options or engage in any type of interactive process regarding any type of accommodation.

24.    After Plaintiff returned to work, she reported to her supervisor that she did not feel safe in the workplace due to the continued presence of this supervisor.

25.    As a result of the attack and subsequent PTSD diagnosis, Plaintiff asked the Defendant for help and an accommodation.

26.    After Plaintiff had reported the attack and requested accommodation, she was thereafter treated differently by her supervisor and co-workers.

27.    Defendant informed Plaintiff that if the supervisor that attacked her was in the building, she was required to leave.

28.    Plaintiff was ostracized for being assaulted and requesting an

accommodation for her PTSD.

29.    Plaintiff was uninvited to meetings or told that they were cancelled, when in actuality, the meetings took place.

30.    On December 12, 2020, Plaintiff was called for a meeting with her manager and a person from Human Resources, where she was written up for making a terrorist comment.

31.    The allegations against Plaintiff for making terrorist comments were not true, but retaliation for having reported the assault and requesting an accommodation.

32.    Plaintiff was bullied and made to feel like she must comply with allowing the accused in the building with her.

33.    Plaintiff sent her managers an email that she was continually being badgered by managers and made to feel forced to agree to have her attacker in the same building with her.

34.    Plaintiff continued to express her concerns for her safety and continued employment.

35.    On March 1, 2021, Plaintiff was informed that the prosecution of her attacker was not going to continue.

36.    On March 2, 2021, Plaintiff was warned by fellow coworkers to stay away from certain areas and people because they, including management, were out

to get her.

37.    Later that day, Plaintiff was required to work with her attacker, which triggered her PTSD and anxiety.

38.    Defendant's retaliatory treatment of Plaintiff continued and on March 24-25, 2021, Plaintiff had a major bout with depression, anxiety, and PTSD.

39.    Defendant knew Plaintiff's absences were because of her depression, anxiety, and PTSD, however, Defendant did not offer Plaintiff FMLA leave.

40.    On March 26, 2021, when Plaintiff returned to work and  she was told by the HR Manager that Defendant was moving forward with her termination, and she was escorted out of the building.

<u>*FIRST CAUSE OF ACTION*</u>
*(Title VII - Gender Discrimination)*

41.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 40 of this complaint with the same force and effect as if set forth herein.

42.    Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

43.    Plaintiff is a Caucasian female.

44.    Over the course of Plaintiff's employment with Defendant, Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult, as

the result of Defendant's continued failure to address and stop the harassment and discrimination of female employees working at Defendant's Pensacola Bay Support Services, LLC, ("PBSS").

45.    During Plaintiff's employment with Defendant, she was subject to unwelcome harassment Defendant's supervisors and employees after Plaintiff was physically assaulted by a male supervisor.

46.    No male employees were the subject of harassment or retaliation nor was the male attacker disciplined.

47.    The harassment of Plaintiff effected the terms and conditions of her employment as she was required to perform tasks and was held to a different standard than the male employees.

48.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## *SECOND CAUSE OF ACTION*
*(Title VII- Gender Retaliation)*

49.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 40 of this complaint with the same force and effect as if set forth herein.

50.    Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

51.     Plaintiff engaged in activity protected by Title VII when she objected to and complained about being physically attacked by a male supervisor and thereafter being harassed by other supervisors and co-workers.

52.     After doing so, Plaintiff was subjected to unwelcomed harassment and retaliation by Defendant by allowing the offending employee to continue to work with Plaintiff.

53.     After having reported this activity to Defendant, the harassment and intimidation continued until Plaintiff had an anxiety attack.

54.     After having returned from her bout with depression, anxiety and PTSD, because of the continued harassment by Defendant's employees, Defendant terminated Plaintiff's employment on March 26, 2021.

55.     As a direct result of Plaintiff having in good faith objected to, refused to participate in, and reported acts of harassment and retaliation, Plaintiff engaged in a protected activity.

56.     Plaintiff's retaliatory termination as a result of availing herself of this protected activity was in violation of the Title VII of the Civil Rights Act of 1964.

57.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### *THIRD CAUSE OF ACTION*
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105)

58.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 40 of this complaint with the same force and effect as if set forth herein.

59.    This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

60.    At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

61.    At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

62.    Most recently, Plaintiff was employed as a Job Cost Estimator and she was qualified for the position.

63.    During her employment, Plaintiff reported and objected to Defendant's management and corporate Human Resources, the assault and battery by a fellow male employee, thus creating an unsafe workplace by exposing Plaintiff to an individual that physically assaulted and battered her.

64.    After Plaintiff's reportings and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, Defendant's management harassed Plaintiff and

terminated Plaintiff's employment after she continued to object to this continued harassment and refusal to provide a safe place to work.

65.    There was no substantive or reasonable business justification for the termination of Plaintiff's employment as she had not been previously warned of a deficient job performance.

66.    Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely the Occupational Safety and Health Act's (OSH Act) General Duty Clause, 29 U.S.C. § 654, requires employers to provide a safe and healthful workplace for all workers covered by the OSH Act.

67.    OSHA General Duty Clause, Section 5 (a) (1) of the Occupational Safety and Health Act, requires that each employer furnish to each of its employees a workplace that is free from recognized hazards that are causing or likely to cause death or serious physical harm.

68.    Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated after her continued objections to the Defendant regarding physical assault and continued retaliation and harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had

committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace safety.

69.    There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

70.    The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

71.    As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

72.    As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

73.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

74.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## FOURTH CAUSE OF ACTION
### (DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))

75.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 40 of this complaint with the same force and effect as if set forth herein.

76.      The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

77.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

78.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117,

12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

79.    Since Plaintiff's attack, Defendant had knowledge of Plaintiff's disability and anxiety, depression and PTSD diagnosis when she informed Defendant of her disability.

80.    Plaintiff is a qualified individual with a disability:

> (i)    she has a physical impairment that substantially limits one or more major life activities: concentration, self-care, sleep, and decreased mental acuity;
>
> (ii)   Plaintiff is under the treatment of a doctor for the care and treatment of her physical disabilities.
>
> (iii)  she has a record of such impairment; and,
>
> (iv)   she was regarded (perceived or otherwise) by Defendant as having such impairments.

81.    Plaintiff's disabilities substantially affected the major life activities of concentration, self-care, and sleep and decreased mental acuity.

82.    Plaintiff had the ability to perform the essential functions of her position and did so without incident until she was terminated by Defendant.

83.    Defendant knew of Plaintiff's medical condition and refused to discuss an accommodation, but instead made her continue to work with her attacker.

84.    Defendant knew it was continuing to place Plaintiff in a working environment that was exacerbating her chronic anxiety and PTSD.

85. Because of Defendant's intentional failure to accommodate her disability or provide her with FMLA, her condition worsened resulting in his termination on March 26, 2021.

86. Any possible assertion that there was a viable business justification for the Plaintiff's termination is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

87. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

88. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

89. As a result of being wrongfully and unlawfully retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

## FIFTH CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

90.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 9 through 40 of this complaint with the same force and effect as if set forth herein.

91.     The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for requesting an accommodation.

92.     Defendant terminated Plaintiff from her employment in retaliation for requesting and taking medical leave.

93.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

94.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than fifteen (15) employees.

95.    Since Plaintiff's attack, Defendant had knowledge of Plaintiff's disability and anxiety, depression and PTSD diagnosis when she informed Defendant of her disability.

96.    Plaintiff is a qualified individual with a disability:

>    (i)   she has a physical impairment that substantially limits one or more major life activities: concentration, self-care, sleep, and decreased mental acuity;
>
>    (ii)   Plaintiff is under the treatment of a doctor for the care and treatment of her physical disabilities.
>
>    (iii)  she has a record of such impairment; and,
>
>    (iv)  she was regarded (perceived or otherwise) by Defendant as having such impairments.

97.    Plaintiff's disabilities substantially affected the major life activities of concentration, self-care, and sleep and decreased mental acuity.

98.    Plaintiff had the ability to perform the essential functions of her position and did so without incident until she was terminated by Defendant.

99.    Defendant knew of Plaintiff's medical condition and refused to discuss an accommodation, but instead made her continue to work, including working with her attacker.

100.   Defendant knew it was continuing to place Plaintiff in a working environment that was exacerbating her chronic anxiety and PTSD.

101.   Because of Defendant's intentional failure to accommodate her

disability or provide her with FMLA, her condition worsened resulting in her termination on March 26, 2021.

102.   Any possible assertion that there was a viable business justification for the Plaintiff's termination is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

103.   The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

104.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

105.    As a result of being wrongfully and unlawfully retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

## SIXTH CAUSE OF ACTION
### (FMLA INTERFERENCE)

106.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 3 through 5 and 10 through 40 of this complaint with the same force and effect as if set forth herein.

107.   "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).

108.   Plaintiff was an employee entitled to a benefit under the FMLA and Defendant denied her that benefit.

109.   At the time of Plaintiff's termination, Defendant had more than sufficient knowledge that Plaintiff was entitled to FMLA leave.

110.   Defendant had more than sufficient knowledge that her anxiety, depression and PTSD were a serious health condition and an FMLA-qualifying medical condition.

111.   Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.

112.   Defendant should have notified Plaintiff of her eligibility to take FMLA leave for her PTSD, depression and anxiety within five (5) business days.

19

113.   The FMLA required Defendant to give Plaintiff written notice detailing her specific expectations and obligations related to the FMLA and explaining any consequences of her failure to meet these obligations.

114.   Defendant never provided Plaintiff with any type of written notice regarding her FMLA rights related to her PTSD, depression and anxiety, thus interfering with and denying her substantive rights under the FMLA.

115.   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)   Declaring the acts and practices complained of herein are violation of the Title VII, ADA, FMLA and the Florida Private Sector Whistleblower Act;

b)   Enjoining and permanently restraining those violations of the Title VII, ADA, FMLA and the Florida Private Sector Whistleblower Act;

c)   Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)   Directing Defendant to place Plaintiff in the position he would have

occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e)   Awarding Plaintiff Front Pay in lieu of reinstatement;

f)   Awarding Plaintiff compensatory damages;

g)   Awarding Plaintiff liquidated damages;

h)   Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

i)   Granting such other and further equitable relief as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: June 6, 2022.          By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC.
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
*Attorney for the Plaintiff*